# United States Court of Appeals
## For the First Circuit

No. 25-1735

SUSAN FLAHERTY; ROBERT FLAHERTY; DANIEL FLAHERTY,

Plaintiffs, Appellees,

v.

AMIGOS DEL MAR LTD., d/b/a Amigos Del Mar Dive Shop,
as owners of the vessel M/V Papa Changa,

Defendant, Appellant,

MAVERICK AVARELLO; ALBINO "CHANGA" PAZ; SCUBA DIVING
INTERNATIONAL; SCUBA SCHOOLS INTERNATIONAL; JOHN ROMERO;
JOHN DOE,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Gelpí, Howard, and Dunlap,
Circuit Judges.

John J. Bromley and Jeanne M. Donohue, with whom Morrison
Mahoney LLP and Holbrook & Murphy, were on brief, for appellant.
J. Mark Dickison, with whom Brendan P. Slean and Lawson &
Weitzen, LLP, were on brief, for appellees.

July 8, 2026

**DUNLAP, Circuit Judge**. About two years after the United States District Court for the District of Massachusetts entered a default judgment against Defendant-Appellant Amigos Del Mar Unlimited, Ltd. ("Amigos"), and nineteen months after Plaintiff-Appellee Susan Flaherty ("Flaherty")[1] sought to enforce the judgment in Belize, Amigos appeared for the first time in United States court to attempt to vacate the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure as void for want of jurisdiction. Because we agree with the district court that Amigos did not bring its Rule 60(b) challenge within a reasonable time, we affirm.

**I.**

Flaherty suffered severe injuries to her lower body during a May 2019 scuba vacation in Belize, after an Amigos employee who was not a certified dive master pushed her off a boat owned and operated by Amigos. As she went into the water, she was pulled under the boat by the vessel's engaged propellers, which seriously mutilated her foot, ankle, and knee. She filed suit in the District of Massachusetts in August 2020, bringing maritime law claims and alleging subject matter jurisdiction under 28 U.S.C. § 1333, which vests the federal courts with original jurisdiction

---

[1] Flaherty's husband and son are also plaintiffs-appellees, but for ease of reference, and because the case concerns her injury, we refer to Mrs. Flaherty in this opinion.

over maritime law claims. She filed an amended complaint in September 2020, and, because Amigos is a Belizean company, served Amigos pursuant to the Hague Service Convention. See Fed. R. Civ. P. 4(f)(1), (h)(2), (l)(2). The founder, director, and controlling shareholder of Amigos, Jose Paz, signed the proof of service, indicating that it was received voluntarily. Amigos did not appear in the case. On June 21, 2021, the court entered a default judgment against Amigos, and in October 2021, after providing Amigos with notice, held an evidentiary hearing to determine damages. Again, Amigos did not appear. On February 23, 2022, the court entered an amended judgment awarding Flaherty over six million U.S. dollars in damages, plus interest.

Flaherty sought to enforce the judgment in Belize on July 6, 2022, and served Amigos with Belizean process on July 12, 2022. The Belizean court also granted Flaherty a default judgment against Amigos on January 11, 2023; following a hearing on April 26, 2023, the court issued an order on September 29, 2023, directing Amigos to pay over seven million U.S. dollars as a debt due and owing to Flaherty, plus interest. In November 2023, Amigos appeared in Belizean court to contest the Belizean default judgment. A month later, the Belizean court authorized Flaherty to seize Amigos' vessels and assets, although it later, in April 2024, set aside its own default judgment.

On February 27, 2024, two years after the District of Massachusetts entered its amended judgment, and nineteen months after Flaherty sought enforcement in Belize, Amigos made its first appearance in the District of Massachusetts action and filed a motion to vacate the district court's default judgment. The District of Massachusetts set a hearing on the motion, ordered limited discovery, considered additional briefing, and finally rejected Amigos' arguments that the default judgment was void. Amigos then brought this appeal.

## II.

The procedural vehicle by which Amigos seeks relief is Fed. R. Civ. P. 60(b). The rule allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including, under subsection (b)(4), because "the judgment is void" and, under subsection (b)(6), for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Amigos focuses its argument on Rule 60(b)(4), reasoning that the judgment against it is void because the district court lacked both subject matter jurisdiction and personal jurisdiction.[2]

---

[2] Amigos also argues in the alternative that it is entitled to relief under Rule 60(b)(6) because the Covid-19 pandemic left Amigos "powerless to defend itself in Massachusetts." However, Amigos never raised this argument in the district court below, and it may not do so for the first time on appeal. Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 59 (1st Cir. 2021) ("[A]ppellants

-4-

We need not reach the merits of Amigos' arguments because we conclude that its Rule 60(b) motion is barred by subsection (c)(1) of the same rule, which serves as a gatekeeper for Rule 60(b) motions. Rule 60(c)(1) preserves finality and prevents protracted litigation over final orders and judgments by requiring motions under Rule 60(b) to be made "within a reasonable time."[3] Fed. R. Civ. P. 60(c)(1); see generally Farm Credit Bank of Balt. v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003) ("As a general matter, Rule 60(b) . . . seeks to balance the importance of finality against the desirability of resolving disputes on the merits."); Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001) ("Rule 60(b) relief is 'extraordinary relief' reserved for 'exceptional circumstances,' given the countervailing interest in the finality of such orders." (quoting United States v. One Urban Lot, 882 F.2d 582, 585 (1st Cir. 1989))).

We have not always read Rule 60(c)(1)'s "reasonable time" limitation to apply to Rule 60(b)(4). At the time of Amigos' motion below, the rule in our circuit was that Rule 60(b)(4)

---

cannot raise an argument on appeal that was not 'squarely and timely raised in the trial court.'" (quoting Thomas v. Rhode Island, 542 F.3d 944, 949 (1st Cir. 2008) (citation modified))).

[3] Rule 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Amigos has not brought a motion under Rule 60(b)(1), (2), or (3), so the one-year maximum is not relevant.

motions were excepted from the "reasonable time" limitation, and such motions could be filed "at any time." Sea-Land Serv., Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) (citing Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992), and United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)). That rule is no longer good law. The Supreme Court recently held -- during the pendency of this appeal -- that "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time." Coney Island Auto Parts Unlimited, Inc. v. Burton, 607 U.S. 155, 162 (2026). Amigos therefore cannot proceed on its arguments under Rule 60(b)(4) unless it can establish that it filed its motion within a reasonable time.

Although this change in law arose between the district court's decision on Amigos' Rule 60(b) motion and our consideration of this issue, we do not write on a blank slate. The district court recognized that Coney Island Auto Parts was pending at the Supreme Court, and, anticipating that the law of our circuit could be overruled, held that "[i]f [the reasonable time requirement] were the rule here" it "would find the time that has elapsed renders Amigos' motion to vacate untimely." "We typically review decisions of that sort only for abuse of discretion" because "[d]istrict courts enjoy considerable discretion in resolving [Rule 60(b)] motions." Ferrera-Goitia, 316 F.3d at 65. And we

-6-

generally only find abuse of discretion where the district court "made an error of law or has reached a plainly erroneous decision." Id. at 66. The district court's conclusion is neither based on an error of law nor plainly erroneous.

Amigos raises two arguments in the wake of Coney Island Auto Parts. First, it notes that the delay between the attempted enforcement of the judgment and the filing of the 60(b) motion in Coney Island Auto Parts was six years, while the delay in this case was just under two years. Second, it notes that whether a delay is "reasonable" turns on its justification -- the purported justification here being that counsel advised Amigos not to appear, believing the court to lack jurisdiction. In assessing these arguments, we note that "the determination of what is 'reasonable' depends upon the circumstances of each case." Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015).

As an initial matter, because the reasonableness determination is case dependent, id., the fact that the delay in Coney Island Auto Parts was six years is of limited help to Amigos' position. Nothing in the Court's opinion indicates that only delays lasting six years or more are unreasonable; indeed, the Court declined to "expound on whether Coney Island's timing was reasonable" because Coney Island "d[id] not contend that it complied with this requirement." 607 U.S. at 162. Our own

-7-

precedent indicates that a delay of "sixteen months" is "overlong in virtually any event." Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993). Amigos therefore faces a significant challenge in showing that its delay was reasonable, although we do not moor our analysis on a bright-line timing rule nor anchor it in any particular factual showing. Instead, we "consider[] . . . the length of the delay" together with "the justification for it, and the prejudice (if any) associated with the granting of relief." Ferrera-Goitia, 316 F.3d at 66. On the facts of this case, we conclude that Amigos' "protracted delay scuttles any claim that [its] motion was 'made within a reasonable time.'" Cotto, 993 F.2d at 280.

Amigos' proffered justification for its delay is that Belizean counsel advised it that the U.S. courts had no jurisdiction over Flaherty's claims. This argument holds no water. The district court provided notice to Amigos after it found jurisdiction and entered a default judgment, and before it conducted a hearing to determine damages. Amigos has expressly waived any challenge as to notice. Amigos does not explain why, after the district court had found jurisdiction and notified Amigos of the same, Amigos thought it unnecessary to appear to dispute the court's finding for over two years. It gestures generally toward the Covid-19 pandemic, but the pandemic does not explain its failure to make any electronic filing with the district court.

Disagreement with a federal court's finding is no justification to ignore it. "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010). The timeline supports the conclusion that Amigos made a knowing choice not to appear in U.S. court.

We would not reach a different conclusion even if the relevant timeline were to be measured from the time of enforcement, rather than the entry of judgment.[4] Though "in the context of a default judgment, it might be reasonable for a defendant not to seek relief before learning about a plaintiff's attempted enforcement," Coney Island Auto Parts, 607 U.S. at 160, Flaherty

---

[4] We observe that our circuit has arguably been inconsistent on when the clock begins to tick for motions made under Rule 60(b)(4)-(6). Compare Ungar v. Pal. Liberation Org., 599 F.3d 79, 85 n.4 (1st Cir. 2010) (tethering the reasonable time calculus for not only a Rule 60(b)(1) motion but also a Rule 60(b)(6) motion to the "entry of the judgment"), with Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 44 (1st Cir. 2015) (measuring the reasonableness of appellants' delay in filing a Rule 60(b)(6) motion from the time that appellants first learned of potential juror misconduct). The Sixth Circuit, in the decision affirmed by Coney Island Auto Parts, took the view that the clock for filing Rule 60(b)(4)-(6) motions "generally begins ticking when the movant is or should be aware of the factual basis for the motion," and acknowledged, without deciding, that in the context of Rule 60(b)(4) specifically, the clock may "not start running until enforcement is first attempted." In re Vista-Pro Auto., LLC, 109 F.4th 438, 445-46 (6th Cir. 2024), aff'd sub nom., Coney Island Auto Parts Unlimited, Inc. v. Burton, 607 U.S. 155 (2026) (citation modified). We need not address this issue further because, even taking the most favorable view for Amigos, its delay was unreasonable.

sought to enforce the judgment in Belize in early July 2022 and served notice on Amigos less than a week later. Amigos does not purport to have been ignorant of the enforcement action. So, as Amigos acknowledges, even if we start the "reasonable time" clock at the time of Flaherty's attempted enforcement, Amigos still waited nineteen months to appear in federal court to contest the judgment -- with no valid justification. See Cotto, 993 F.2d at 280 (indicating that a motion filed sixteen months after the entry of judgment was not filed within a reasonable time); see also A & F Bahamas LLC v. World Venture Grp., Inc., 796 F. App'x 657, 661 (11th Cir. 2020) (unpublished) ("[B]y failing to pursue relief under Rule 60(b)(4) until . . . 11 months after [the defendant] admits he was made aware of the judgment, [the defendant] sat on his rights." (emphasis added)).

In Bouret-Echevarría, we concluded that a roughly three-and-a-half-month period of delay after the appellants first learned of the basis for a 60(b) motion was justified because the appellants' attorney (1) "was actively attempting to obtain . . . admission" in the jurisdiction, (2) was "seeking local counsel to assist him" after existing counsel resigned, and (3) encountered several major roadblocks to communication with relevant parties. 784 F.3d at 44. Further, during the delay of three-and-a-half months, the appellants were consistently making "diligent efforts" towards "strengthen[ing] the basis for their

-10-

motion." Id. By stark contrast, Amigos lay idle for a much longer period after Flaherty attempted enforcement and did not "act[] promptly when put on notice" nor make "diligent efforts" to file any motion. Id. And we see no other extenuating circumstances to explain the delay. Cf. United States v. Baus, 834 F.2d 1114, 1123 (1st Cir. 1987) (finding a Rule 60(b)(6) motion timely despite a five-year delay because "the government lulled the [movant] into delaying through its promises, . . . itself delayed [several] years . . . in demanding payment, and [then] . . . breached its obligations under the settlement agreement"). Put simply, Amigos waited too long and without good cause.

Finally, we note that the parties disputed below whether Flaherty was prejudiced by Amigos' delay in bringing its Rule 60(b)(4) motion. Flaherty argued that she would be prejudiced by the revival of this litigation since critical evidence went "missing" from Amigos' office, namely, an incident file Amigos had generated about the underlying events of this case. Amigos argued that Flaherty would not be prejudiced by reviving the U.S. litigation since the litigation in Belize is still live. We need not resolve this issue because, even assuming the prejudice to Flaherty is minimal and consists primarily of delay and litigation costs, the district court did not abuse its discretion by finding Amigos' delay unreasonable. The prejudice to the non-moving party is but one part of the Rule 60(c)(1) analysis, and not the

lodestar.  See Boch Oldsmobile, 909 F.2d at 660-61 (describing prejudice as one "relevant consideration[]," along with "whether a good reason has been presented for failing to take action sooner," while stating that what ultimately "constitutes reasonable time . . . depends on the facts of [the] case").  Here, where Amigos failed to provide any meaningful justification for its delay, the district court could reasonably find the motion to be untimely.

### III.

For these reasons, we **affirm**.